UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DON BLACK                                                                                      PLAINTIFF
ADC #113670

V.                              No. 5:18-CV-197-DPM-JTR

GERALDINE CAMPBELL, APN,
Medical Services, ADC; and TERRI
MOODY, APN, Medical Services, ADC                                         DEFENDANTS

### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to Chief United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Marshall may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I. Introduction

Plaintiff Don Black is an inmate at the East Arkansas Regional Unit of the Arkansas Department of Correction ("ADC"). He filed a *pro se* § 1983 Complaint and Amended Complaint claiming that Defendants APN Geraldine Campbell and

APN Terri Moody (collectively, "Defendants") violated his constitutional right to receive adequate medical care by failing to locate his medical records for more than five months, unreasonably delaying recommended hemorrhoid surgery, which caused him to endure severe pain and bleeding during the delay. *Docs. 2 & 5.*

On February 9, 2021, Defendants filed a Motion for Summary Judgment, a Brief in Support, and a Statement of Facts, arguing that Black's claims should be dismissed because he failed to demonstrate that Defendants acted with deliberate indifference to his serious medical needs. *Docs. 58, 59, & 60.* Although notified of his right to file a Response, Black did not respond to the motion, and the time for doing so has passed. *Doc. 63.*

## II. Facts

Before addressing the merits of Defendants' Motion, the Court will set forth the relevant facts, all of which are deemed to be admitted.[1]

1. In his Complaint and Amended Complaint, Black alleged that APN Campbell and APN Moody caused him a prolonged period of pain when they refused to see and treat his serious medical needs. He claims they denied and delayed

---

[1] Black did not respond to Defendants' Motion for Summary Judgment or otherwise contest any of the facts set forth in Defendants' Statement of Facts. *Doc. 60.* Accordingly, all of those facts, which form the basis for Defendants' Motion for Summary Judgment, are now deemed to be admitted. *See* Local Rule 56.1(c); *Jackson v. Ark. Dep't of Educ. Vocational & Technical Div.*, 272 F.3d 1020, 1027 (8th Cir. 2001) (citing Local Rule 56.1(c) in concluding that the plaintiff "forfeited her ability to contest the facts presented" by defendant by failing to respond to defendant's summary judgment motion).

appropriate treatment for his hemorrhoids and ignored his need for hemorrhoidal surgery from February through July, 2018. *Doc. 60 ¶¶ 1-2.*

2. Black was examined by general surgeon Dr. Robert Breving on February 3, 2018, for internal and external hemorrhoids. Dr. Breving recommended a Procedure for Prolapse and Hemorrhoids (PPH). *Id.* ¶ 5.

3. On March 7, 2018, Black had an encounter with APN Campbell for medication renewal. *Id.* ¶ 6. APN Campbell noted Black had a current script for Proctozone cream, and she reordered Milk of Magnesia. *Id.* There is no note of discussion relating to the surgical consult. *Id.*

4. On April 12, 2018, Black saw APN Campbell for complaints of rectal bleeding, but he denied active bleeding at the time of the encounter. *Id.* ¶ 7. He inquired about the surgery that Dr. Breving had recommended. *Id.* This was the first time Black discussed his February consult with APN Campbell. *Id.*

5. Black declined a rectal exam during the April 12 encounter, stating that he was not actively bleeding and simply wondered about the surgery. *Id.* ¶ 10. He was noted to have an active order for Proctozone cream, hemorrhoidal ointment, and Milk of Magnesia. *Id.*

6. Black testified that, during the April 12 encounter, APN Campbell told him that she did not see Dr. Breving's report and that she was going to contact the Health Services Administrator to get a copy. *Id.* ¶ 9.

7. After her April 12 encounter with Black, APN Campbell requested records from the medical records clerk (MRC). *Id.* ¶ 8. She was advised that the records had been requested but were not yet received/available for review, and also, that an additional request would be submitted to obtain the records. *Id*. It was the MRC's administrative responsibility to obtain Dr. Breving's consult report. *Id.* ¶ 27.

8. APN Campbell saw Black again on April 27, for complaints of rectal bleeding; but he denied active bleeding at the time of the encounter. *Id.* ¶ 12.

9. On April 27, APN Campbell noted that the records from Dr. Breving's examination were still "not received." She specifically consulted with "Mathis, MRC" to obtain the off-site records. *Id.* ¶ 13. APN Campbell prescribed Black a steroidal medication to treat inflammation, itching, and constricted blood vessels. *Id.* ¶ 14.

10. Black testified that when he saw APN Campbell in April, he was not bleeding. *Id.* ¶ 17.

11. Black was seen by a non-party provider, Dr. Stieve, on May 10, 2018. *Id. ¶ 18.* At that appointment, Black requested a copy of a medical script written on May 4, 2018, but he had no other complaints or requests at that time. *Id.*

12. The February consult report still had not been received as of June 8, 2018. *Id. ¶ 19.*

13. On June 12, 2018, APN Campbell reviewed Dr. Breving's February evaluation records, which had finally arrived. *Id. ¶ 20.* A consult for the surgery was submitted on that date. *Id.*

14. The only time APN Moody saw Black during the relevant time period was on June 28, 2018. *Id. ¶ 22.* APN Moody informed Black that a consult had been placed and a surgery date was pending; and she renewed a script. *Id.*

15. Black did not complain of hemorrhoidal or rectal pain during any encounter with APN Campbell or APN Moody. *Id. ¶ 39.*

16. The hemorrhoid surgery occurred on July 31, 2018. *Id. ¶ 24.* Black testified that the surgery went so well that he felt almost great. *Id. ¶ 25.*

17. There is no evidence in the record to explain why Dr. Breving's records were not received for more than four months, despite at least three requests from prison providers. *Id. ¶ 27.*

18. Two non-party providers, Joseph Hughes, MD, and L. Michelle Griswold-Davis, APRN, reviewed this case and filed declarations opining that the

Defendants' medical treatment decisions were medically appropriate and that the delay in Black's surgery did not detrimentally affect his rectal condition. *Id. ¶¶ 4, 11, 21, 23, 26, 31–32, 38, 40–42.*

19. Dr. Hughes and APRN Griswold-Davis also opined that obtaining outside records was not the responsibility of Defendants, that Defendants were not at fault for the delay in receipt of the record, and that Defendants did not refuse to prepare a consult for surgery. The Defendants were required to wait for Dr. Breving's records before requesting a surgery consult. *Id. ¶¶ 28, 34, 37.*

### III.   Discussion

Defendants argue they are entitled to summary judgment on Black's claims because he has failed to show they acted with deliberate indifference to his serious medical needs. The Court agrees. For the reasons explained below, Defendants' Motion for Summary Judgment should be granted.[2]

Black asserts APN Campbell and APN Moody violated his constitutional rights by delaying his recommended surgery and by providing inadequate medical

---

[2] Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249–50 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. Thereafter, the nonmoving party must present specific facts demonstrating that there is a material dispute for trial. *See* Fed R. Civ. P. 56(c); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011).

care for his pain and bleeding during the delay. To establish a constitutional violation, Black must demonstrate an objectively serious medical need that Defendants knew about and deliberately disregarded. *Vaughn v. Gray*, 557 F.3d 904, 908 (8th Cir. 2009). Assuming Black's hemorrhoid condition constituted a serious medical need, Black must also establish that APN Campbell and APN Moody acted with "a mental state akin to criminal recklessness: disregarding a known risk to the inmate's health." *Id*. (internal quotation omitted). "[D]eliberate indifference requires a highly culpable state of mind approaching actual intent." *Choate v. Lockhart*, 7 F.3d 1370, 1374 (8th Cir. 1993). A showing of malpractice or even gross negligence is not enough to meet this standard. *Allard v. Baldwin*, 779 F.3d 768, 771–72 (8th Cir. 2015).

Black's claim that APN Campbell deliberately disregarded his medical needs fails as a matter of law. There is no evidence in this record to show that APN Campbell knew Black was in pain during the relevant time period; and although Black did complain of bleeding, he denied active bleeding during both of his April encounters with APN Campbell. She prescribed medications for Black's hemorrhoidal complaints during the time period before his surgery. And upon learning about the missing records, she contacted the appropriate parties and documented her efforts to obtain the records on two different occasions. There is no evidence that APN Campbell ignored Black's medical needs, intentionally

contributed to a delay in his surgery, or otherwise interfered with his treatment. She is entitled to summary judgment on Black's § 1983 claim against her.

Black's claim against APN Moody also fails. Liability under § 1983 requires a "causal link to, and direct responsibility for, the deprivation of rights." *Turner v. Mull*, 784 F.3d 485, 493 (8th Cir. 2015). To state a § 1983 claim, a plaintiff must provide "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Thus, a plaintiff must present facts showing each named defendant's personal involvement in the alleged constitutional wrongdoing. *Id*. There is no evidence in the record to demonstrate that APN Moody had any connection whatsoever to the delay in Black's surgical treatment. In fact, she did not even see Black until June 28, 2018, which was after the consult for surgery had already been prepared and approved. At that June 28 encounter, APN Moody renewed a script and informed Black about the surgery. The uncontested facts conclusively establish that APN Moody had no involvement in the delay of Black's surgery, and there is no evidence in the record demonstrating that she ignored his medical needs. Accordingly, she is also entitled to summary judgment on the § 1983 claim Black has asserted against her.

## IV. Conclusion

Because Black has failed to demonstrate that either of the Defendants acted with deliberate indifference to his serious medical needs, the § 1983 claims he asserts against them fail as a matter of law.

IT IS THEREFORE RECOMMENDED THAT Defendants' Motion for Summary Judgment (*Doc. 58*) be GRANTED, and that this lawsuit be DISMISSED, with prejudice.

DATED this 12th day of July, 2021.

*[signature: J. Thomas Ray]*
UNITED STATES MAGISTRATE JUDGE